UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

LES BREAULT and DEBRA LEFFINGWELL, Individually,
and as Natural Parents and Co-Administrators of the ESTATE
OF DANIEL CORY BREAULT
                                                              Plaintiffs

V.                                                                                                 C.A. No. 2017- 379

JULIE R. GOUCHER, as the TREASURER of the TOWN
OF BRISTOL, JOSUE D. CANARIO, Individually and in
his Official Capacity as the Chief of the BRISTOL POLICE
DEPARTMENT, THE TOWN OF BRISTOL and JOHN
and JANE DOES NOS. 1-10, in their individual capacities
and in their official capacities as officers of the
BRISTOL POLICE DEPARTMENT
                                                          Defendants

## **VERIFIED COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS SEEKING DAMAGES, INJUNCTIVE AND DECLARATORY RELIEF**

### **PARTIES**

1. Plaintiff Les Breault ("Mr. Breault") is a natural person and citizen of the United States and of the State of Rhode Island, residing in Bristol, Rhode Island. He is the natural father of the Decedent, Daniel Cory Breault ("Daniel").

2. Plaintiff Debra Leffingwell ("Ms. Leffingwell") is a natural person and citizen of the United States and of the State of Rhode Island, residing in Bristol, Rhode Island. She is Daniel's natural mother.

3. On March 15, 2016, the Probate Court of the Town of Bristol appointed Plaintiffs as co-administrators of the Estate of Daniel Cory Breault. (Exhibit A).

4. Plaintiffs have never been charged with or convicted of a crime. They have not been in community confinement as a condition of parole. Plaintiffs are not mentally incompetent, or drug addicts, or habitual drunkards. They are not unnaturalized foreign-born persons.

5. Defendant Town of Bristol ("the Town") is a town chartered by the State of Rhode Island. Defendant Josue D. Canario is the Chief of the Bristol Police Department. As such, he is responsible for formulating, executing and administering with the City the laws, customs, practices, and policies at issue in this lawsuit. Through its Police Department, the City has enforced the challenged laws, customs and practices against plaintiff.

6. Defendant Julie R. Goucher is the Treasurer of the Town of Bristol. As such, she is responsible for assessing, collecting and authorizing the disbursement of all City money, for preparing and administering the annual City Budget, and for accounting of all financial transactions.

7. John and Jane Does are other members of the Bristol Police Department who participated in violating Plaintiffs' constitutional and statutory rights but whose identities are presently unknown.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this case involves a federal question pertaining to the United States Constitution. The Court has pendent jurisdiction over Plaintiff's claims arising under state law.

9. Venue lies in this Court pursuant to 28 U.S.C. § 1391 as this is the judicial district where defendants reside and this is the judicial district where the cause of action arose.

## STATEMENT OF FACTS

*Background*

10. The Second Amendment to the United States Constitution provides: "A well regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

11. The Second Amendment is incorporated as against the states through the Fourteenth Amendment, such that Defendant cannot, under color of law, deprive Plaintiff of his right to keep and bear arms.

12. Article 1, Section 22 of the Rhode Island Constitution provides: "The right of the people to keep and bear arms shall not be infringed."

13. Daniel legally possessed a handgun, a Springfield 1911 WWII, serial no. WW30534, ("the handgun") and approximately a dozen other firearms in his residence at 85 Kickemuit Avenue, Bristol, Rhode Island.

14. On information and belief, on or about January 19, 2016, Daniel used the handgun to take his own life, unfortunately.

15. On information and belief, the Bristol Police Department investigated the incident and determined that Daniel committed suicide. During its investigation, the Bristol Police Department seized Daniel's firearms, including the handgun.

16. Mr. Breault subsequently requested the release of Daniel's firearms.

17. At different times during 2016, the Bristol Police Department subsequently released all of Daniel's firearms to Mr. Breault, except the handgun.

18. On August 11, 2016 and December 8, 2016, Mr. Breault sent letters to the Bristol Police Department specifically requesting release of the handgun (Exhibits B and C, respectively). However, the Bristol Police Department refused to release the handgun.

19. On March 27, 2017, the American Civil Liberties Union of Rhode Island sent Chief Canario a letter requesting release of the handgun. (Exhibit D).

20. On April 10, 2017, counsel for the Town of Bristol responded in a letter stating that the Breaults would need the Bristol Probate Court to issue an order that the handgun be released so

as to protect the Bristol Police Department from potential liability.  (Exhibit E).

21.   The Bristol Police Department has also refused to release its Incident Report to Plaintiffs.

22.   On information and belief, Defendants did not obtain a warrant before seizing Daniel's firearms.

23.   On information and belief, Defendants have a policy of seizing a person's weapons for "safekeeping" without a warrant if they believe that person may be a threat to himself or  others, even if that person has not been charged with or convicted of a crime, is not in  community confinement as a condition of parole, is not mentally incompetent, a drug  addict, or a habitual drunkard, or is not an unnaturalized foreign born citizen.

24.   On information and belief, the Bristol Police Department seized the firearms from Daniel's bedroom and transported them to  headquarters where they were "held for safe keeping."

25.   The handgun has an approximate value of $500.

26.   On information and belief, the Bristol Police Department researched all of the firearms seized through the National Crime Information Center (NCIC) and with all being found  negative for any criminal activity.

27.   On information and belief, Defendants' officers logged all of the items seized and then forwarded them to its Bureau of Criminal Investigation (BCI) Division for "safe  keeping."

28.   When they seized Daniel's property, Defendants set in motion a series of events that  they knew or should have known would result in Plaintiff's inability to recover, or  extreme difficulty in recovering, the firearms, including the handgun.

29.   Defendants have a custom, policy, or practice of requiring lawful weapons owners to engage in formal litigation to recover their seized property.

30.   Neither Daniel nor Plaintiffs were charged with any crime nor have they ever been charged

4

with any crime.

31. On information and belief, the Bristol Police Department has never been notified by a justice of the superior court or the attorney general that the handgun is necessary as evidence in a criminal or civil matter.

32. Defendants have customs, policies, or practices of seizing firearms for "safekeeping" even when the owners are not charged with a crime and are otherwise lawful guns in Rhode Island, and of requiring lawful weapons owners to obtain court orders to recover their seized property.

33. On information and belief, Defendants have seized the firearms of numerous other people for "safekeeping."

34. By seizing Daniel's handgun without notice, refusing to return it to Plaintiffs, and refusing to allow Plaintiffs a meaningful opportunity to be heard on the matter, Defendants have deprived Plaintiffs of their property without due process of law.

35. By setting in motion a series of events that Defendants knew or should have known would result in inability or extreme difficulty in recovering Daniel's handgun, Defendants deprived Plaintiffs of their property without due process of law.

36. By maintaining a custom, policy or practice of requiring lawful weapons owners, but not other property owners, to engage in formal litigation to recover their seized property, Defendants have denied Plaintiffs the equal protection of the laws.

37. By refusing to return Daniel's handgun to them, Defendants have infringed on Plaintiffs' right to keep and bear arms as guaranteed by the Second Amendment to the United States Constitution and incorporated to the States by the Fourteenth Amendment as well as Art. 1, Sec. 22 of the Rhode Island Constitution.

38. Defendants' actions are capable of repetition, yet evading review, because, on information

and belief, they have a practice of returning seized firearms when the owner files suit.

### Count I – Violation of the Rhode Island Firearms Act

39. Paragraphs 1 through 38 are incorporated as though fully stated herein.

40. The Rhode Island Firearms Act, R.I.Gen.L. § 11-47-1, et seq., specifically governs this situation. The Firearms Act expressly provides the limited circumstances under which persons are barred from possessing firearms and when Defendants may seize a person's firearms.

41. R.I.Gen.L. § 11-47-6 states: "No person who is under guardianship or treatment or confinement by virtue of being a mental incompetent, or who has been adjudicated or is under treatment or confinement as a drug addict, shall purchase, own, carry, transport, or have in his or her possession or under his or her control any firearm."

42. This restriction does not apply to Plaintiffs, nor do the other statutory restrictions on which persons cannot possess a firearm. R.I.Gen.L. §§ 11-47-5 (felons and fugitives from justice), 11-47-7 (unnaturalized foreign born persons).

43. Section 22(b) of the Firearms Act states: "If the police department in the city or town in which the firearm was seized or confiscated has not been notified by a justice of the superior court or the attorney general that the firearm is necessary as evidence in a criminal or civil matter, it shall be returned to the rightful owner." R.I.Gen.L. § 11-47-22(b) (emphasis added).

44. Plaintiffs are not aware and have not been notified of any civil or criminal matter involving the guns nor have Defendants claimed there is any.

45. Defendants' unwritten policy of requiring persons whose guns they have seized to obtain an order in state court before they return them violates the Firearms Act.

46. The Firearms Act itself provides that "[u]nless otherwise specified, any violation of any

provision of this chapter shall be punishable by a fine of not more than one thousand dollars ($1,000), or imprisonment for not more than five (5) years, or both…" R.I.Gen.L. § 11-47-26.

47. Rhode Island law provides for a private right of action whenever any person is the victim of a crime and he suffers any injury to his person, reputation or estate as a result. R.I.Gen.Law § 9-1-2.

### Count II-Violation of Plaintiffs' Right to Keep Arms

48. Paragraphs 1 through 47 are incorporated as though fully stated herein.

49. Plaintiffs are law-abiding individuals and competent in the safe handling of weapons. Plaintiffs are not a threat of harm to themselves or others. Accordingly, there exists no reason to deny Plaintiffs possession of Daniel's lawfully obtained weapon.

50. By maintaining and enforcing a set of customs, practices, and policies depriving Plaintiffs of Daniel's lawfully obtained weapon, Defendants are propagating customs, policies, and practices that violate the Second and Fourteenth Amendments to the United States Constitution as well as Art. 1, Sec. 2 and 22 of the Rhode Island Constitution, and thereby damaging Plaintiffs in violation of 42 U.S.C. § 1983. Plaintiffs are therefore entitled to permanent injunctive relief against such customs, policies, and practices.

### Count III– Violation of Plaintiffs' Rights Under the Fourth Amendment and Art. 1, Sec. 6 of the Rhode Island Constitution

51. Paragraphs 1 through 50 are incorporated as though fully stated herein.

52. The Fourth Amendment of the United States Constitution provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the

7

persons or things to be seized."

53. Article 1, Section 6 of the Rhode Island Constitution provides: "The right of the people to be secure in their persons, papers and possessions, against unreasonable searches and seizures, shall not be violated; and no warrant shall issue, but on complaint in writing, upon probable cause, supported by oath or affirmation, and describing as nearly as may be, the place to be searched and the persons or things to be seized."

54. By seizing Daniel's guns from his home without a warrant, Defendants violated the Fourth Amendment of the United States Constitution and Art. 1, Sec. 6 of the Rhode Island Constitution, and thereby damaging Plaintiffs in violation of 42 U.S.C. § 1983.

### Count IV – Violation of Plaintiffs' Due Process

55. Paragraphs 1 through 54 are incorporated as though fully stated herein.

56. Plaintiffs have a cognizable property interest in Daniel's handgun, the seizure and retention of which was caused by Defendants without sufficient due process. Defendants are propagating customs, policies, and practices that violate Plaintiffs' right to due process under the Fourteenth Amendment to the United States Constitution and Art. 1, Sec. 2 of the Rhode Island Constitution, thereby damaging Plaintiffs in violation of 42 U.S.C. § 1983. Plaintiffs are therefore entitled to permanent injunctive relief against such customs, policies, and practices.

### Count V– Violation of Plaintiffs' Right to Equal Protection

57. Paragraphs 1 through 56 are incorporated as though fully stated herein.

58. By maintaining and enforcing a set of customs, practices, and policies depriving Plaintiffs of Daniel's lawfully obtained weapon, Defendants are propagating customs, policies and practices that violate Plaintiff's rights to equal protection of the laws under the Fourteenth Amendment to the United States Constitution and Art. 1 Sec. 2 of the Rhode Island Constitution,

thereby damaging Plaintiffs in violation of 42 U.S.C. § 1983. Plaintiffs are therefore entitled to permanent injunctive relief against such customs, policies, and practices.

### Count VI-Trover and Conversion

59. Paragraphs 1 through 58 are incorporated as though fully stated herein.

60. On January 16, 2016, Daniel lawfully possessed the handgun in his home.

61. On March 15, 2016, Plaintiffs became legal owners of the handgun by order of the Bristol Probate Court.

62. Defendants seized his handgun without his or Plaintiffs' permission and have retained it despite Plaintiffs' repeated requests that it be returned.

63. Plaintiffs have a right to possession of those firearms.

64. Defendants had no legal justification for seizing and retaining Daniel's firearms.

65. Defendants' actions constituted conversion of Plaintiffs' handgun.

### Prayer for Relief

WHEREFORE, Plaintiffs request that judgment be entered in their favor and against Defendants as follows:

1. An order preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing the practice of seizing and retaining lawfully obtained weapons of individuals without a warrant who are not a threat to themselves or others, and who have not been charged with a crime;

2. Declaratory relief that the practice of seizing and retaining lawfully obtained weapons of individuals who are not a threat to themselves or others, and who have not been charged with a crime is unconstitutional either on its face and/or as applied to bar

those individuals who are legally entitled to possess weapons;

3. Declaratory relief that the practice of requiring weapons owners who are not charged with a crime to engage in formal litigation in order to recover their seized property is unlawful and unconstitutional;

4. The cost of repair and/or replacement for any damage done to Plaintiffs' handgun while in Defendants' possession;

5. Damages for Plaintiffs' loss of use of the handgun;

6. Awarding punitive damages in a sufficient amount to deter Defendants from further violating the rights of Plaintiffs and other lawful weapon owners.

7. Costs of suit, including attorney fees and costs pursuant to 42 U.S.C. § 1988;

8. Any other relief as the Court deems just and appropriate.

        Respectfully submitted,
        Les Breault and Debra Leffingwell
        By their attorneys,

        /s/ Thomas W. Lyons
        Thomas W. Lyons  #2946
        Rhiannon S. Huffman  #8642
        AMERICAN CIVIL LIBERTIES UNION
        OF RHODE ISLAND
        Strauss, Factor, Laing & Lyons
        One Davol Square, Suite 305
        Providence, RI 02903
        (401) 456-0700
        tlyons@straussfactor.com

PLAINTIFFS HEREBY DEMAND TRIAL BY JURY OF ALL ISSUES SO TRIABLE.

## **VERIFICATIONS**

I have read the allegations of this Complaint and state that they are true and accurate to the best of my knowledge and belief.

*/s/ Les Breault*

STATE OF Rhode Island
COUNTY OF Providence.

On July 31, 2017, before me, the undersigned notary public, personally appeared Les Breault, ☒ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary this document was signed freely and voluntarily.

*/s/ Rhiannon S. Huffman*
Notary Public
My commission expires: 5/25/20
Notary Identification Number: 754131

RHIANNON S. HUFFMAN
NOTARY PUBLIC
STATE OF RHODE ISLAND
MY COMMISSION EXPIRES
MAY 25, 2020

## **VERIFICATIONS**

I have read the allegations of this Complaint and state that they are true and accurate to the best of my knowledge and belief.

*Debra Leffingwell* (signature)

STATE OF Rhode Island
COUNTY OF Bristol

On this 25th of July, 2017, before me, the undersigned notary public, personally appeared Debra Leffingwell, ☐ personally known to the notary or ☒ proved to the notary through satisfactory evidence of identification, which was RI Drivers license, to be the person who signed above in my presence, and who swore or affirmed to the notary this document was signed freely and voluntarily.

*Melissa Cordeiro* (signature)
Notary Public Melissa Cordeiro
My commission expires: 12/28/2019
Notary Identification Number: 61508